UNITED STATES DISTRICT COURT
DISTRICT OF NEVADA

| | |
|---|---|
| Preston House,<br><br>　　　　　Plaintiff<br><br>v.<br><br>TH Foods, Inc.,<br><br>　　　　　Defendant | Case No. 2:25-cv-00590-CDS-MDC<br><br>**Order Dismissing Action and Denying as Moot Defendant's Motion to Dismiss and Motion to Strike**<br><br>[ECF Nos. 11, 19, 22] |

　　　　On May 7, 2025, I issued an order to show cause requiring pro se plaintiff Preston House to demonstrate why this case should not be dismissed for violating the claim-splitting doctrine. Order, ECF No. 22. House promptly responded. Resp, ECF No. 23. Therein, he argues that he was left with no choice but to bring this new action after Judge Dorsey dismissed the same two claims in case number 2:24-cv-01326-JAD-NJK, that the actions are not "strictly duplicative" because there are "different theories and adverse acts" at issue in this case, that there is no risk of inconsistent judgments, and, finally, that he brought this action in good faith so dismissal would be inappropriate. *See generally id.* The court appreciates House's prompt response. But, for the reasons explained herein, this action is dismissed for violating the claim-splitting doctrine.

**I.　　Discussion**

　　　　The anti-claim-splitting doctrine prevents a party from maintaining "two separate actions involving the same subject matter at the same time in the same court and against the same defendant." *Adams v. Cal. Dep't of Health Servs.*, 487 F.3d 684, 688 (9th Cir. 2007), *overruled on other grounds by Taylor v. Sturgell*, 553 U.S. 880, 904 (2008). The Ninth Circuit has long held that the fact that a plaintiff "was denied leave to amend does not give him the right to file a second lawsuit based on the same facts." *Adams*, 487 F.3d at 688 (quoting *Hartsel Springs Ranch of Colo., Inc. v. Bluegreen Corp.*, 296 F.3d 982 (10th Cir. 2002)). Accordingly, "[a]fter weighing the equities of

the case, [a] district court may exercise its discretion to dismiss a duplicative later-filed action, to stay that action pending resolution of the previously filed action, to enjoin the parties from proceeding with it, or to consolidate both actions." *Adams*, 487 F.3d at 688. The "main purpose behind the rule preventing claim splitting is to protect the defendant from being harassed by repetitive actions based on the same claim." *Clements v. Airport Auth. of Washoe Cnty.*, 69 F.3d 321, 328 (9th Cir. 1995) (internal quotations and citations omitted).

To determine whether a suit is duplicative, courts in the Ninth Circuit "examine whether the causes of action and relief sought, as well as the parties or privies to the action, are the same." *Adams*, 487 F.3d at 689. For the first prong, "there must be the same rights asserted and the same relief prayed for; the relief must be founded upon the same facts, and the . . . essential basis[ ] of the relief sought must be the same." *Id.* (quoting *The Haytian Republic*, 154 U.S. 118, 124 (1894)). "Whether two events are part of the same transaction . . . depends on whether they are related to the same set of facts and . . . could conveniently be tried together." *Id.* As to the second prong, "[t]here must be the same parties, or, at least, such as represent the same interests." *Id.* (quoting *The Haytian Republic*, 154 U.S. at 124).

As noted in the show-cause order, House brings the same two Title VII claims against defendant TH Foods, Inc. that were dismissed without prejudice but without leave to amend[1] in House's earlier action (2:24-cv-01326-JAD-NJK), and House seeks similar relief. *Compare* Compl., ECF No. 2-1 at 10, *with* Am. compl., ECF No. 18 at 6–7 in 2:24-cv-01326-JAD-NJK. The allegations in both complaints reveal they arise from the same series of allegations that start back in November 2022. *Compare* Compl., ECF No. 2-1 at 6–7, *with* Am. compl., ECF No. 18 at 3–4 in 2:24-cv-01326-JAD-NJK. Indeed, House does not dispute that the claims here are "factually related" to his 2024 action. ECF No. 23 at 2. He explains that he was left with "no choice" but to bring this new action after these claims were dismissed in the 2024 case. *See* ECF No. 23 at 1. House asks

---

[1] Order dismissing racial discrimination and constructive discharge claims. ECF No. 64 in 2:24-cv-01326-JAD-NJK.

2

this court not to dismiss this action, arguing *Stewart v. U.S. Bancorp.*, 297 F.3d 953, 957 (9th Cir. 2002), holds that where amendment is unavailable, re-filing a new case is appropriate. *Id.* at 2. But House misunderstands the holding in *Stewart*. In that case, the Ninth Circuit was asked to decide if the district court improperly dismissed the action after finding claims were preempted by federal law. *Stewart*, 297 F.3d at 957. While the case did address that those plaintiffs could have, but failed to, seek leave to amend or dismissal without prejudice, that was regarding the *preemption issue*, not claim splitting. *Id.*

      The court does not believe House brought this action in bad faith, but rather because he does not understand civil procedure and was unaware this action violates the claim-splitting doctrine. House's explanation for bringing this new action confirms that this case violates the claim-splitting doctrine. These two claims were dismissed in the 2024 action after Judge Dorsey found amendment would be futile. *See* ECF No. 64 at 7–8 in 2:24-cv-01326-JAD-NJK at (explaining that the amended complaint did not provide the "necessary facts from which this court could infer the missing elements of his constructive-discharge and racial-discrimination claims" and further denying counsel's request for leave to amend for failing to attached proposed amendment complaint so no additional facts were identified that could potentially cure any pleading defect).

      A plaintiff cannot continue to file new lawsuits against the same defendant based on the same facts until he is successful. That is because "[t]he ultimate objective of [the] rule against claim-splitting is to 'protect [a] Defendant from being harassed by repetitive actions based on the same claim' and to promote judicial economy and convenience." *Bojorquez v. Abercrombie & Fitch, Co.*, 193 F. Supp. 3d 1117, 1123 (C.D. Cal. 2016) (quoting *Clements*, 69 F.3d at 328).

      Because both the 2024 case and this case involve the same parties and two of the same claims arising out of the same incident, and both involve almost the same request for relief, I find the anti-claim-splitting doctrine is violated here, so I must determine the appropriate remedy: consolidation with the 2024 action or dismissal. Under Federal Rule of Civil Procedure 42(a), a

court may consolidate any actions that "involve a common question of law or fact." A "district court has broad discretion under this rule to consolidate cases pending in the same district." *Investors Rsch. Co. v. United States Dist. Ct. for Cent. Dist.*, 877 F.2d 777, 777 (9th Cir. 1989). I decline to consolidate this action with the 2024 action, because doing so would be futile. Judge Dorsey has already dismissed these claims without prejudice but without leave to amend. Consequently, I find dismissal to be the appropriate remedy. *See Stearns v. Ticketmaster Corp.*, 655 F.3d 1013, 1025 (9th Cir. 2011) (referring to actions dismissed for claim splitting as ones where the "plaintiff was, in effect, attempting to avoid an unfavorable prior ruling in one case by filing essentially the same claims in a new case"). This action is hereby dismissed as duplicative.

## II. Conclusion

IT IS THEREFORE ORDERED that the order to show cause **[ECF No. 22] is DISCHARGED.**

IT IS FURTHER ORDERED that this case is **DISMISSED** without prejudice for violating the claim-splitting doctrine, therefore the defendant's motion to dismiss **[ECF No. 11]** and motion to strike **[ECF No. 19] are DENIED as moot.**

The Clerk of Court is kindly directly to close this case.

Dated: May 19, 2025

_____
Cristina D. Silva
United States District Judge